

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-27-2002

# USA v. Hodge

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2556

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Hodge" (2002). *2002 Decisions.* Paper 785.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/785

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————

No. 01-2556

—————

UNITED STATES OF AMERICA

v.

WILLIAM HENRY HODGE, JR.,

Appellant

—————

Appeal from the District Court of the Virgin Islands
Division of St. Thomas
(D.C. Criminal Action No. 00-cr-00089)
District Judge: Honorable Thomas K. Moore

—————

Submitted Under Third Circuit LAR 34.1(a)
May 13, 2002

Before: AMBRO, FUENTES and GARTH, Circuit Judges

(Opinion filed November 27, 2002)

—————

OPINION

—————

AMBRO, Circuit Judge

Appellant William Henry Hodge, Jr. was convicted by a jury in the District Court of the Virgin

Islands of armed robbery and other related offenses. He was sentenced to 144 months imprisonment, three years of supervised release, and ordered to pay restitution and an assessment. Hodge raises a single issue on appeal: whether the District Court's denial of his motion to suppress evidence obtained from his vehicle was error. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

I.

In February 2000 two men wearing stocking caps as masks robbed at gunpoint a Western Union in St. Thomas. Soon after, a witness in the area saw two men, one with a gun in his waistband, removing stocking caps from their heads. The men threatened the witness with physical harm if she spoke to the authorities, but she later cooperated with the investigation and identified Hodge from a book of mug shots.

A warrant to arrest Hodge was issued on February 25, 2000. Three days later, an officer observed Hodge drive a gray Mazda Protege to a grocery store and park the vehicle at a curb on the street in front. By the time other police arrived on the scene, Hodge was outside of his car, standing with other persons nearby. After Hodge had been taken into custody, an FBI agent assigned to the case looked inside the car's windows and saw stocking masks on the floor of the back seat. According to the agent's testimony, the FBI's policy is to impound the unattended vehicles of arrestees when no third party is available to take control of the car, and inventory its contents once moved to a safe location. The agent, using Hodge's keys, drove the car to a federal building. On March 1st, pursuant to a warrant, the officers searched the car and seized nylon mask-type hoods.

The Government moved to admit the masks into evidence at trial. Hodge objected that the items were the fruits of an illegal search and seizure but the District Court denied his motion. Hodge

now appeals that ruling.

II.

We review a district court's denial of a motion to suppress evidence for clear error as to the underlying factual findings, and exercise plenary review over questions of law. United States v. Coward, 296 F.3d 176, 179 (3d Cir. 2002). The postarrest search and seizure of a vehicle is not per se violative of the Fourth Amendment. See McFadden v. United States, 814 F.2d 144, 147-48 (3d Cir. 1987). We have previously stated that "[t]he authority of police to seize and remove from the street vehicles impeding traffic or threatening safety and convenience is beyond challenge." Id. (quoting South Dakota v. Opperman, 428 U.S. 364, 369 (1976)). The FBI agent that drove Hodge's car from the site of the arrest to the federal building testified that officers had seen Hodge arrive, park, and exit the car by himself. Only law enforcement personnel were available to remove the car from the street where it was partially blocking traffic. As already noted, FBI policy under these circumstances is to impound the vehicle, transfer it to a secure location, and inventory its contents.

Hodge does not directly contest the validity of the warrant obtained by police to search the car. Rather, he limits his challenge to the legality of impounding the vehicle. The gist of Hodge's argument on this point is that his case falls within the holding of United States v. Duguay, 93 F.3d 346 (7th Cir. 1996), a Seventh Circuit decision that recognized constitutional limits on law enforcement's authority to impound and inventory a vehicle upon the arrest of one of its occupants. But the defendant in that case was a passenger; at the scene of his arrest both the car's driver and defendant's brother were present and prepared to remove the vehicle. Indeed, even the Duguay Court acknowledged that "[t]he decision to impound an automobile, unless it is supported by probable cause of criminal activity, is only

3

valid if the arrestee is otherwise unable to provide for the speedy and efficient removal of the car from public thoroughfares or parking lots." Id. at 353. One such example of a permissible circumstance is "where the driver is the sole occupant and is legitimately arrested." Id. at 353 n.2. The facts of Hodge's case plainly are distinct from those in Duguay.

Finally, Hodge's claims that the FBI did not have a policy that called for impounding Hodge's vehicle, or that his circumstances were not covered by the policy, are contradicted by testimony introduced at trial (and credited by the jury).

\* \* \* \* \*

As the District Court did not err in admitting evidence obtained from the seizure of Hodge's car and subsequent search of its contents, we affirm the judgment of the District Court.

TO THE CLERK:

Please file the foregoing Opinion.

By the Court,


/s/ Thomas L. Ambro
Circuit Judge

4